GIBSON, DUNN & CRUTCHER LLP
S. ASHLIE BERINGER (263977)
aberinger@gibsondunn.com
MAIA T. PEREZ (278215)
mperez@gibsondunn.com
JACOB A. WALKER (271217)
jwalker@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

Attorneys for Non-Party Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OSCAR HERNANDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>PATH, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO. 4:12-cv-01515-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED**<br><br>**[SUBMITTED PURSUANT TO LOCAL RULE 3-12(B)]**<br><br>Judge:    The Honorable Yvonne Gonzalez Rogers |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

Pursuant to Civil Local Rule 3-12(b) of the United States District Court of the Northern District of California, Apple Inc. ("Apple") respectfully submits this Administrative Motion to Consider Whether Transferred *Opperman* Case Should Be Related and requests that the following action, *Opperman v. Path, Inc.*, No. 4:13-cv-00453-DMR (N.D. Cal.), be related to the above-referenced case and to the previously-related *Pirozzi* case, *Pirozzi v. Apple Inc.*, Case No. 4:12-cv-01529-YGR. When moving to relate the *Pirozzi* and *Hernandez* actions, Apple and Path, Inc. informed the Court that the *Opperman* action—which involves substantially similar allegations against Apple and against Path—had been filed in the Western District of Texas and was the subject of a motion to transfer venue to this District. On January 15, 2013, the Honorable Sam Sparks ordered the *Opperman* action transferred to this District, observing that the *Hernandez* and *Pirozzi* actions, "based on similar allegations, [were] already pending in [N.D. Cal.]."

Apple therefore moves to relate the *Opperman* case to the *Pirozzi* and *Hernandez* cases (collectively, "Actions"), to avoid the duplication of judicial and party resources and the risk of inconsistent decisions that would result from substantially similar claims being heard against the same defendants by different judges in the same District.

## I. INTRODUCTION

On March 12, 2012, fourteen individual plaintiffs initiated the *Opperman* case in the Western District of Texas against Apple, mobile application ("app") developer Path, and the developers of several other mobile apps, alleging violations of various federal and state laws in connection with the apps' purported collection of address book information without consent. *See Opperman v. Path, Inc.*, Case No. 4:13-cv-00453-DMR (N.D. Cal.).[1] The *Opperman* complaint—like the *Pirozzi* and *Hernandez* complaints that were filed days later—followed several February 2012 news reports asserting that Path and other mobile app developers collected and transmitted address book and other data stored on Apple-manufactured mobile devices without users' consent.

Two weeks later, Plaintiffs Oscar Hernandez and Maria Pirozzi initiated separate putative class

---

[1] A copy of the Second Amended Class Action Complaint in the *Opperman v. Path, Inc.*, No. 4:13-cv-00453-DMR (N.D. Cal.) litigation (hereinafter, "*Opperman* SAC") is attached as Exhibit A to the accompanying Declaration of S. Ashlie Beringer ("Beringer Decl."). Prior to transfer, the *Opperman* action bore Case Number 1:12-00219-SS (W.D. Tex.). *See id.*

Gibson, Dunn & Crutcher LLP

1
APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

actions in this District against Path and Apple, respectively, predicated in substantial part on facts and allegations substantially similar to those in *Opperman*.² The *Pirozzi* case, like the *Opperman* case, focuses specifically on apps' allegedly unauthorized copying of address book information stored on Apple-manufactured devices.³ The parties in these actions subsequently alerted this Court that, while there were no overlapping parties in the *Hernandez* and *Pirozzi* actions, the *Opperman* case encompassed the defendants in both cases and involved substantially similar claims, and was likely to be transferred to the Northern District of California. Dkt. No. 23. The Court consequently related the *Pirozzi* and *Hernandez* cases on July 31, 2012. Dkt No. 29.

On January 15, 2013, Judge Sam Sparks (then-presiding over the *Opperman* action) issued an order granting Apple's and Path's motions to transfer the case to N.D. Cal., finding that "[t]wo other class actions, based on similar allegations, [were] already pending in [N.D. Cal.]," and that "try[ing] [*Opperman*] separately virtually guarantee[d] a waste of judicial resources, and risk[ed] inconsistent rulings." *See* Beringer Decl., Ex. D, at 7 (Order Transferring Action issued January 15, 2013, *Opperman* Dkt. No. 217). The *Opperman* action was subsequently transferred to this District on January 31, 2013. *See Opperman* Dkt. No. 219.

Given the overlapping nature of these three cases, relating the Actions would avoid duplicative litigation, the unnecessary expenditure of private and judicial resources, and the risk of inconsistent or conflicting rulings that may occur if the actions proceeded separately in different courts. Apple moves for relation of the *Opperman* case, on the one hand, to the *Hernandez* and *Pirozzi* cases, on the other.

---

² *Compare* the Second Amended Class Action Complaint filed in *Hernandez v. Path, Inc.*, No. 4:12-cv-01515-YGR (N.D. Cal.) (hereinafter, "*Hernandez* SAC"), attached as Exhibit B to the Beringer Decl., ¶ 2 ("Defendant gained access to, and use of, Plaintiffs' and Class Members' Mobile Devices, without authorization and consent, to obtain and store contact address data . . . .") *with* the Second Amended Class Action Complaint filed in *Pirozzi v. Apple Inc.*, Case No. 4:12-cv-01529-YGR (N.D. Cal.) (hereinafter, "*Pirozzi* SAC"), attached as Exhibit C to the Beringer Decl., ¶ 108, p.35 ¶ 10 (Apple "failed to disclose that apps may be collecting (and downloading) confidential data such as contact information, location data, private photographs and videos on users' phones without consent" and to "properly monitor app makers and to safeguard Plaintiff's private information"). The *Hernandez* action also makes separate allegations—not alleged in *Opperman*—that Path installed tracking code on putative class members' mobile devices and that class members would incur costs in hiring a technician to remove the code. *Hernandez* SAC ¶ 74.

³ *See* Beringer Decl., Ex A (*Opperman* SAC ¶ 2); Ex. C (*Pirozzi* SAC ¶ 7 (app users "unwittingly allowed . . . apps to access and download users' entire address book and contacts list")).

## II.     DISCUSSION

### A.     The *Opperman*, *Hernandez*, and *Pirozzi* Actions Should Be Related

Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Under this standard, the three Actions are unquestionably related because they involve substantially the same parties, events, and allegations, and relation thus would maximize efficiency and minimize the likelihood of conflicting discovery and pretrial rulings.

#### 1.     The Actions Involve the Same Defendants and Overlapping Putative Classes

The Actions involve the same defendants: Apple and Path, defendants in the *Pirozzi* and *Hernandez* actions respectively, are both defendants in the *Opperman* action. Further, the Actions are asserted on behalf of overlapping putative classes of users who purchased Apple-manufactured devices and downloaded apps from the App Store.[4]

#### 2.     The Actions Involve Substantially the Same Events

Likewise, the three Actions originate from the same core allegations and news reports concerning the alleged collection and misuse of personal information by third-party apps running on smartphones and other mobile devices. Specifically, each complaint alleges:

- Apple operates an App Store where mobile device owners can acquire third-party apps.[5]

- Plaintiffs and putative class members own mobile devices and use third-party apps.[6]

- Apple's developer license agreements prohibit apps from "transmit[ting] data about [the mobile device] user without obtaining the user's prior permission and providing the user with access to information about how and where the data will be used."[7]

- In violation of this prohibition, Path and other app developers allegedly downloaded and/or copied data from users' mobile devices, including specifically private address book information and embedded location data.[8]

---

[4]  *Id.*, Exs. A-C (*Opperman* SAC ¶ 46; *Hernandez* SAC ¶ 124; *Pirozzi* SAC ¶ 14).

[5]  *Id.*, Exs. A-C (*Opperman* SAC ¶¶ 94, 99 (Apple "owns and operates" an "App Store, a centralized repository of Apps available for iDevices" that provides "pre-vetted Apps"); *Hernandez* SAC ¶ 26 ("Path originated within a mobile App economy created by Apple and Google's Android platform that led to the development of hundreds of thousands of task-specific Apps . . . ."); *Pirozzi* SAC ¶ 33 (Apple launched an App Store with "apps offered by Apple and third-party developers.")).

[6]  *Id.*, Exs. A-C (*Opperman* SAC ¶ 1; *Hernandez* SAC ¶ 16(a)-(b); *Pirozzi* SAC ¶¶ 1, 7).

[7]  *Id.*, Exs. A-C (*Opperman* SAC ¶¶ 118, 123; *Hernandez* SAC ¶¶ 46, 47; *Pirozzi* SAC ¶ 60).

Gibson, Dunn & Crutcher LLP

3

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

- Plaintiffs received no disclosures that apps may have collected data without consent.[9]
- Plaintiffs and putative class members did not authorize this collection of their data.[10]
- As a result, the privacy rights of Plaintiffs and putative class members were violated.[11]

To support these claims, the complaints commonly quote Path's Co-Founder and CEO Dave Morin regarding Path's "Add Friends" feature.[12] The *Opperman* complaint also asserts claims against eleven app developers specifically cited by Plaintiff Pirozzi in her complaint against Apple.[13] For the alleged violations, all Actions request monetary damages, disgorgement, and injunctive relief.[14]

Based on these and other overlapping allegations, the *Hernandez* and *Pirozzi* actions were ordered related on July 31, 2012. Dkt. No. 29. Likewise, the newly-transferred *Opperman* complaint asserts substantially similar allegations against both Path and Apple, arising from the same events: the allegedly unauthorized accessing of user contact information and related news reports.[15] Although the *Hernandez* action also asserts separate claims against Path arising from allegations that Path installed "tracking" software on the putative class members' mobile devices that are not asserted in *Opperman*,

---

*(Cont'd from previous page)*

[8] *Id.*, Exs. A-C (*Opperman* SAC ¶ 2 ("the Apps made by Defendants stole their iDevice address books by surreptitiously . . . transmitting their address books to unauthorized persons"); *Hernandez* SAC ¶ 2 ("Defendant gained access to, and use of, Plaintiffs' and Class Members' Mobile Devices, without authorization and consent, to obtain and store contact address data . . . ."); *Pirozzi* SAC ¶ 7 (app users "unwittingly allowed . . . apps to access and download users' entire address book and contacts list")).

[9] *Id.*, Exs. A-C (*Opperman* SAC ¶ 67 ("Neither Apple nor the App Defendants warned Plaintiffs . . . that their private address books were being taken from their iDevices and transmitted and disclosed to others"); *Hernandez* SAC ¶ 3 ("Defendant accomplished [data collection] covertly, without actual notice or consent of its users . . . ."); *Pirozzi* SAC ¶ 108 (Apple "failed to disclose that apps may be collecting (and downloading) confidential data . . .")).

[10] *Id.*, Exs. A-C (*Opperman* SAC ¶ 68 ("Defendants never asked Plaintiffs to consent to, agree to, or pre-authorize the unalerted, surreptitious transmission or disclosure of their private address books . . . ."); *Hernandez* SAC ¶ 3 ("Defendant accomplished [data collection] covertly, without actual notice or consent of its users . . . ."); *Pirozzi* SAC ¶ 66 ("Apple-approved apps have accessed, downloaded and/or copied users' [data] . . . without the users' knowledge or consent . . . .")).

[11] *Id.*, Exs. A-C (*Opperman* SAC ¶ 408 ("Plaintiffs . . . suffered loss by reason of these violations, including . . .violation of the right of privacy."); *Hernandez* SAC ¶ 93 ("The collection, use, and disclosure of tracking data . . . implicates Plaintiffs' and Class Members' privacy and physical safety."); *Pirozzi* SAC ¶ 96 ("Apple's conduct offends … [the] right of privacy.")).

[12] *Id.*, Exs. A-C (*Opperman* SAC ¶ 62; *Hernandez* SAC ¶ 48; *Pirozzi* SAC ¶ 69).

[13] *Id.*, Ex. A (*Opperman* SAC ¶ 5); Ex. C (*Pirozzi* SAC ¶ 70).

[14] *Id.*, Exs. A-C (*Opperman* SAC ¶ 438; *Hernandez* SAC at pp. 47-49, ¶¶ A-I; *Pirozzi* SAC at pp. 36-37, ¶¶ A-I).

[15] *See, e.g., id.* at Ex. A (*Opperman* SAC ¶¶ 2-4).

4

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

the absence of one allegation in *Opperman* does not render the cases unrelated. Indeed, where actions arise from essentially the same events and seek similar redress, courts have found them to be related. *See Ervin v. Judicial Council of California*, No. C 06-7479, 2007 WL 1489165, *2 (N.D. Cal. May 18, 2007) (actions against different defendants arising out of the same lawsuit properly related despite differences in the parties and the causes of actions). Accordingly, the *Opperman* action should be related to the *Pirozzi* and *Hernandez* actions currently proceeding before this Court.

### 3. Relation of the Actions Will Avoid Duplication of Labor and Expense and Prevent Conflicting Results

Because these Actions involve substantially the same factual events and allege overlapping claims, relation (at least for purposes of pre-trial coordination) will prevent "unduly burdensome duplication of labor and expense or conflicting results" that would occur if the cases are "conducted before different Judges." *See* Civ. L.R. 3-12(a)(2). The Actions clearly raise common questions of law, including (but not limited to): (a) whether plaintiffs have experienced a concrete, particularized "injury" for the purposes of Article III and plaintiffs' individual claims; (b) whether any alleged injury is fairly traceable to Apple; (c) whether Apple can be held liable for the conduct of third-party applications; and (d) whether Plaintiffs' claims can be resolved through common proof or, instead, require resolution of individualized issues, precluding certification of a class of mobile device users.

This Court is best positioned to address these common legal and factual issues, having previously addressed two sets of motions to dismiss directed to the same overlapping factual allegations and legal issues (in the *Hernandez* and *Pirozzi* actions). Dkt No. 16 (*Hernandez*) and No. 18 (*Pirozzi*). Given the Court's substantial familiarity with these claims, relating the Actions would therefore minimize duplication of judicial labor. Indeed, when transferring *Opperman* to this District, Judge Sparks observed that "'practical problems that make trial of a case easy, expeditious and inexpensive,' strongly point[ed] to a transfer [to N.D. Cal.]." Beringer Decl., Ex. D, at 7.

Further, as all the Actions are in early stages, relating the cases before discovery commences would save considerable judicial and party resources and expenses, as the core factual issues asserted in each Action—particularly for claims against Apple—implicate identical discovery. *See, supra*.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court grant its motion.

5

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

Dated: February 13, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ S. Ashlie Beringer_____
       S. Ashlie Beringer

S. ASHLIE BERINGER
MAIA T. PEREZ
JACOB A. WALKER
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:     650.849.5300
Facsimile:      650.849.5333
aberinger@gibsondunn.com
mperez@gibsondunn.com
jwalker@gibsondunn.com

Attorneys for Non-Party
APPLE INC.

6

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

Gibson, Dunn &
Crutcher LLP

# CERTIFICATE OF SERVICE

I, Jessica S. Ou, declare as follows:

I am employed in the County of Santa Clara, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State. On February 13, 2013, I served the following document(s):

**APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED**

**DECLARATION OF S. ASHLIE BERINGER IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED**

**[PROPOSED] ORDER GRANTING APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED**

on all counsel of record in the actions stated below, by the following means of service:

***Opperman v. Path, Inc.*, No. 4:13-cv-00453-DMR (N.D. Cal.)**

| | |
|---|---|
| Alan D. Albright<br>Gray Cary Ware & Freidenrich LLP<br>1221 South MoPac Expressway, Suite 400<br>Austin, TX 78746-6875<br>512-457-7000<br>512-457-7001 (fax)<br>Attorneys for Defendant Apple Inc.<br>**VIA U.S. MAIL** | Timothy L. Alger<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>(650) 838-4300<br>talger@perkinscoie.com<br>Attorneys for Defendant Twitter, Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| Mazda K Antia<br>Cooley Godward Kronish<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>858-550-6000<br>858-550-6420 (fax)<br>mantia@cooley.com<br>Attorneys for Defendants Facebook Inc., Kik Interactive, Inc., Instragram, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Yusuf Ahmad Bajwa<br>King & Spalding LLP<br>401 Congress Avenue, Suite 3200<br>Austin, TX 78701<br>512/457-2000<br>320/457-2100 (fax)<br>ybajwa@kslaw.com<br>Attorneys for Defendant Gowalla Incorporated<br>**VIA EMAIL AND U.S. MAIL** |

Gibson, Dunn & Crutcher LLP

7
APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

| | |
|---|---|
| Shannon W. Bangle<br>Beatty, Bangle, Strama P.C.<br>400 West 15th Street , Suite 1450<br>Austin, TX 78701<br>(512) 879-5050<br>(512) 879-5040 (fax)<br>sbangle@bbsfirm.com<br>Attorneys for Defendant Rovio Mobile Oy<br>**VIA EMAIL AND U.S. MAIL** | Amanda J Beane<br>1201 Third Ave, Ste. 49<br>Seattle, WA 98101<br>206-359-3965<br>206-359-4965 (fax)<br>abeane@perkinscoie.com<br>Attorneys for Defendant Twitter, Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| Michael John Biles<br>Akin Gump Strauss et al LLP<br>300 W 6th St #2100<br>Austin, TX 78701<br>Attorneys for Defendants Gowalla Incorporated, Instagram, Inc.<br>**VIA U.S. MAIL** | Gregory J. Casas<br>Greenberg Traurig, LLP<br>1000 Louisiana Street, Suite 1700<br>Houston, TX 77002<br>(713) 374-3500<br>Attorneys for Defendant Path, Inc.<br>**VIA U.S. MAIL** |
| Indra Neel Chatterjee<br>Orrick Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>650-614-7400<br>650-614-7401 (fax)<br>nchatterjee@orrick.com<br>Attorneys for Defendants Gowalla Incorporated, Instagram, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Jeffrey S. Edwards<br>Edwards Law<br>The Bremond Houston House<br>706 Guadalupe St.<br>Austin, TX 78701<br>(512) 623-7727<br>(512) 623-7729 (fax)<br>jeff@edwards-law.com<br>Attorneys for Plaintiffs Alan Beueshasen, Alicia Medlock, Claire Moses, Gentry Hoffman, Greg Varner, Guili Biondi, Jason Green, Judy Long, Marc Opperman, Nirali Mandaywala, Rachelle King, Scott Medlock, Steve Dean<br>**VIA EMAIL AND U.S. MAIL** |

///

///

///

///

///

///

///

8

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

| | |
|---|---|
| 1 | |
| 2 | Jonathan B. Gaskin |
| | Kaufhold Gaskin LLP |
| 3 | 388 Market Steet, Suite 1300 |
| | San Francisco, CA 94111 |

Jonathan B. Gaskin
Kaufhold Gaskin LLP
388 Market Steet, Suite 1300
San Francisco, CA 94111
415-944-9403
415-8741071 (fax)
jgaskin@kaufholdgaskin.com
Attorneys for Plaintiffs Alan Beueshasen, Alicia Medlock, Claire Moses, Gentry Hoffman, Greg Varner, Guili Biondi, Jason Green, Judy Long, Marc Opperman, Nirali Mandaywala, Rachelle King, Scott Medlock, Steve Dean
**VIA EMAIL AND U.S. MAIL**

Tanya Deniese Henderson
Perkins Coie LLP
2001 Ross Avenue, Suite 4225
Dallas, TX 75201
214-965-7706
thenderson@perkinscoie.com
Attorneys for Defendant Twitter, Inc.
**VIA EMAIL AND U.S. MAIL**

Keith Mason Henneke
Morrison & Foerster LLP
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013
(213) 892-5200
(213) 892-5454 (fax)
khenneke@mofo.com
Attorneys for Defendant Foursquare Labs, Inc.
**VIA EMAIL AND U.S. MAIL**

Dirk M. Jordan
1717 West 6th Street, Suite 420
Austin, TX 78703
(512)469-7987
512/469-9408 (fax)
dirk@dirkjordan.com
Attorneys for Plaintiffs Alan Beueshasen, Alicia Medlock, Claire Moses, Gentry Hoffman, Greg Varner, Guili Biondi, Jason Green, Judy Long, Marc Opperman, Nirali Mandaywala, Rachelle King, Scott Medlock, Steve Dean
**VIA EMAIL AND U.S. MAIL**

Steve Kaufhold
Kaufhold Gaskin LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
412-944-9402
415-847-1071 (fax)
Attorneys for Plaintiffs Alan Beueshasen, Alicia Medlock, Claire Moses, Gentry Hoffman, Greg Varner, Guili Biondi, Jason Green, Judy Long, Marc Opperman, Nirali Mandaywala, Rachelle King, Scott Medlock, Steve Dean
**VIA U.S. MAIL**

Christopher G. Kelly
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
212-513-3200
christopher.kelly@hklaw.com
Attorneys for Defendant Rovio Mobile Oy
**VIA EMAIL AND U.S. MAIL**

Gibson, Dunn & Crutcher LLP

9
APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

| | |
|---|---|
| Peter D. Kennedy<br>George & Donaldson, L.L.P.<br>114 W. 7th Street, Suite 1100<br>Austin, TX 78701<br>512-495-1400<br>512-499-0094 (fax)<br>pkennedy@gdf.com<br>Attorneys for Defendants Foodspotting, Inc., Yelp! Inc.<br>**VIA EMAIL AND U.S. MAIL** | Christine Lepera<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-398-7643<br>Attorneys for Defendant ZeptoLab UK Limited<br>**VIA U.S. MAIL** |
| Lori R. Mason<br>Cooley LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>(650) 843-5000<br>(650) 849-7400 (fax)<br>lmason@cooley.com<br>Attorneys for Defendants Facebook Inc., Kik Interactive, Inc., Instagram, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Shane B. Witnov<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>415-875-2300<br>415-281-1350 (fax)<br>Attorneys for Defendant Path, Inc.<br>**VIA U.S. MAIL** |
| Morvarid Metanat<br>Orrick Herrington et al<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>650-614-7400<br>650-614-7401 (fax)<br>mmetanat@orrick.com<br>Attorneys for Defendants Gowalla Incorporated, Instagram, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Jeffrey M. Movit<br>Mitchell Silberberg & Knupp LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017-1028<br>212-509-3900<br>jmm@msk.com<br>Attorneys for Defendant ZeptoLab UK Limited<br>**VIA EMAIL AND U.S. MAIL** |
| Ryan T. Mrazik<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>(206) 359-8000<br>(206) 359-9000 (fax)<br>RMrazik@perkinscoie.com<br>Attorneys for Defendant Twitter, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Judith R. Nemsick<br>Holland & Knight LLP<br>31 West 52nd Street<br>New York, NY 10019<br>212-513-3514<br>judith.nemsick@hklaw.com<br>Attorneys for Defendant Rovio Mobile Oy<br>**VIA EMAIL AND U.S. MAIL** |

Gibson, Dunn & Crutcher LLP

10
APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

| | |
|---|---|
| Tyler G Newby<br>Fenwick & West LLP - San Francisco, CA<br>555 California St., 12th Fl.<br>San Francisco, CA 94104<br>415-875-2300<br>415-281-1350 (fax)<br>Attorneys for Defendant Path, Inc.<br>**VIA U.S. MAIL** | Emilio B. Nicolas<br>Jackson Walker L.L.P.<br>100 Congress Ave., Ste. 1100<br>Austin, TX 78701<br>(512) 236-2304<br>(512) 391-2127 (fax)<br>enicolas@jw.com<br>Attorneys for Defendant ZeptoLab UK Limited<br>**VIA EMAIL AND U.S. MAIL** |
| Michael Henry Page<br>Durie Tangri LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>415-376-6403<br>415-236-6300 (fax)<br>mpage@durietangri.com<br>Attorneys for Defendants Foodspotting, Inc., Yelp! Inc.<br>**VIA EMAIL AND U.S. MAIL** | Michael G. Rhodes<br>Cooley LLP<br>101 California Street, Fifth Floor<br>San Francisco, CA 94111-5800<br>415-693-2000<br>rhodesmg@cooley.com<br>Attorneys for Defendants Facebook Inc., Kik Interactive, Inc., Instagram, Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| Hal L. Sanders, Jr.<br>Haynes and Boone, LLP<br>600 Congress Avenue, Suite 1300<br>Austin, TX 78701<br>(512) 867-8427<br>512/867-8667 (fax)<br>hal.sanders@haynesboone.com<br>Attorneys for Defendants Chillingo Ltd., Electronic Arts Inc.<br>**VIA EMAIL AND U.S. MAIL** | Marc J. Zwillinger<br>Zwillinger Genetski LLP<br>1705 N Street NW<br>Washington, DC 20036<br>202-706-5202<br>202-706-5298 (fax)<br>marc@zwillgen.com<br>Attorneys for Defendants Chillingo Ltd., Electronic Arts Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| Carl F. Schwenker<br>Brobeck Phleger & Harrison<br>2000 University Avenue<br>Palo Alto, CA 94303<br>650-331-8000<br>Attorneys for Plaintiffs Alan Beueshasen, Alicia Medlock, Claire Moses, Gentry Hoffman, Greg Varner, Guili Biondi, Jason Green, Judy Long, Marc Opperman, Nirali Mandaywala, Rachelle King, Scott Medlock, Steve Dean<br>**VIA U.S. MAIL** | Adam Hugh Sencenbaugh<br>Haynes and Boone LLP<br>600 Congress Avenue, Suite 1300<br>Austin, TX 78701<br>(512) 867-8489<br>(512) 867-8606 (fax)<br>adam.sencenbaugh@haynesboone.com<br>Attorneys for Defendants Chillingo Ltd., Electronic Arts Inc.<br>**VIA EMAIL AND U.S. MAIL** |

11

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| Valentine Antonavich Shalamitski<br>Mitchell Silberberg Knupp LLP<br>11377 W Olympic Blvd<br>Los Angeles, CA 90064-1683<br>310-312-3736<br>vas@msk.com<br>Attorneys for Defendant ZeptoLab UK Limited<br>**VIA EMAIL AND U.S. MAIL** | Jacob Alan Sommer<br>ZwillGen PLLC<br>1705 N St NW<br>Washington, DC 20036<br>202-706-5205<br>jake@zwillgen.com<br>Attorneys for Defendants Chillingo Ltd., Electronic Arts Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| M. Leah Somoano<br>Orrick, Herrington & Sutcliffe, LLP<br>2050 Main Street, Suite 1100<br>Irvine, CA 92614<br>949-567-6700<br>949-567-6710 (fax)<br>Attorneys for Defendants Gowalla Incorporated, Instagram, Inc.<br>**VIA U.S. MAIL** | Jedediah Wakefield<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>415-875-2300<br>415-281-1350 (fax)<br>jwakefield@fenwick.com<br>Attorneys for Defendant Path, Inc.<br>**VIA EMAIL AND U.S. MAIL** |
| Lawrence A. Waks<br>Jackson Walker, L.L.P.<br>100 Congress Avenue, #1100<br>Austin, TX 78701<br>(512)236-2000<br>512/236-2002 (fax)<br>lwaks@jw.com<br>Attorneys for Defendant ZeptoLab UK Limited<br>**VIA EMAIL AND U.S. MAIL** | Daniel Weinberg<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>650-614-7400<br>650-614-7401 (fax)<br>dweinberg@orrick.com<br>Attorneys for Defendants Gowalla Incorporated and Instagram, Inc.<br>**VIA EMAIL AND U.S. MAIL** |

*Hernandez v. Path, Inc.*, No. 4:12-cv-01515-YGR (N.D. Cal.)

| | |
|---|---|
| Marc Steven Elzweig<br>Fenwick and West LLP<br>Silicon Valley Center<br>801 California St.<br>Mountain View, CA 94041<br>650-988-8500<br>650-938-5200 (fax)<br>melzweig@fenwick.com<br>Attorneys for Defendant Path, Inc.<br>**VIA EMAIL AND U.S. MAIL** | **Joseph H Malley**<br>Law Office of Joseph H. Malley, PC<br>1045 North Zang Boulevard<br>Dallas, TX 75208<br>214-943-6100<br>malleylaw@gmail.com<br>Attorneys for Plaintiff Oscar Hernandez<br>**VIA EMAIL AND U.S. MAIL** |

Gibson, Dunn & Crutcher LLP

12

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

| | |
|---|---|
| Tyler Griffin Newby<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>(415) 875-2300<br>(415) 875-2391 (fax)<br>tnewby@fenwick.com<br>Attorneys for Defendant Path, Inc.<br>**VIA EMAIL AND U.S. MAIL** | Brian R Strange<br>Strange and Carpenter<br>12100 Wilshire Boulevard Suite 1900<br>Los Angeles, CA 90025<br>310-207-5055<br>310-826-3210 (fax)<br>lacounsel@earthlink.net<br>Attorneys for Plaintiff Oscar Hernandez<br>**VIA EMAIL AND U.S. MAIL** |
| Shane Benjamin Witnov<br>Fenwick and West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>415-875-2300<br>415-281-1350 (fax)<br>Attorneys for Defendant Path, Inc.<br>**VIA U.S. MAIL** | Jedediah Wakefield<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>415-875-2300<br>415-281-1350 (fax)<br>jwakefield@fenwick.com<br>Attorneys for Defendant Path, Inc.<br>**VIA EMAIL AND U.S. MAIL** |

***Pirozzi v. Apple Inc.*, No. 4:12-cv-01529-YGR (N.D. Cal.)**

| | |
|---|---|
| Martin Stuart Bakst<br>Attorney at Law<br>15760 Ventura Blvd, 16 Floor<br>Encino, CA 91436<br>818-981-1400<br>msb@mbakst.com<br>Attorneys for Plaintiff Maria Pirozzi<br>**VIA EMAIL AND U.S. MAIL** | Kira German<br>560 Sylvan Avenue<br>Englewood Cliffs, NJ 07632<br>201-567-7377<br>kgerman@gardylaw.com<br>Attorneys for Plaintiff Maria Pirozzi<br>**VIA EMAIL AND U.S. MAIL** |
| James S. Notis<br>Gardy & Notis, LLP<br>560 Sylvan Ave<br>Englewood Cliffs, NJ 07632<br>201-567-7377<br>201-567-7337 (fax)<br>jnotis@gardylaw.com<br>Attorneys for Plaintiff Maria Pirozzi<br>**VIA EMAIL AND U.S. MAIL** | Jennifer Sarnelli<br>Gardy & Notis, LLP<br>560 Sylvan Ave<br>Englewood Cliffs, NJ 07632<br>201-567-7377<br>201-567-7337 (fax)<br>jsarnelli@gardylaw.com<br>Attorneys for Plaintiff Maria Pirozzi<br>**VIA EMAIL AND U.S. MAIL** |

☑  **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am

Gibson, Dunn &
Crutcher LLP

13

APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR

aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Palo Alto, California.

☑   **BY ELECTRONIC SERVICE**:  On the above-mentioned date, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by the undersigned on February 13, 2013.

Executed on February 13, 2013.

                                         */s/ Jessica S. Ou*
                                          Jessica S. Ou

Gibson, Dunn & Crutcher LLP

14
APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TRANSFERRED OPPERMAN CASE SHOULD BE RELATED
CASE NO. 4:12-CV-01515-YGR