1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    MARC OPPERMAN, et al.,
                                        Case No.  13-cv-00453-JST
           Plaintiffs,
8
9          v.                           **ORDER RELATING CASES**

10   PATH, INC., et al.,
11         Defendants.

12

13         Before the Court is Judge Gonzalez Rogers' Judicial Referral to Determine Whether Cases

14   Are Related, pursuant to Civil Local Rule 3-12(c).  ECF No. 306 (April 8, 2013).  The question

15   presented by Judge Gonzalez Rogers' referral is whether Hernandez v. Path, Inc., No. 12-cv-

16   01515-YGR, and Pirozzi v. Apple, Inc., 12-cv-01529-YGR, are related to the present case

17   ("Opperman").  Judge Gonzalez Rogers related the Pirozzi action to the earlier-filed Hernandez

18   action on July 31, 2012.  Hernandez, ECF No. 29.  For the reasons discussed below, this Court

19   will find the Hernandez and Pirozzi actions related to Opperman.

20   **I.   PROCEDURAL HISTORY**

21         The Opperman class action was filed on March 12, 2012, in the Western District of Texas,

22   ECF No. 1.  The Opperman Plaintiffs brought suit against Defendant Apple, Inc. and seventeen

23   entities engaged in, or owning an interest in entities engaged in, the development of applications

24   ("apps") installed on Plaintiffs' mobile devices, which are manufactured by Apple.  The operative

25   Second Amended Complaint alleges that each developer violated federal and state law because

26   their apps copied or otherwise unlawfully accessed and transmitted the address books stored on

27   Plaintiffs' mobile devices without Plaintiffs' consent.  Plaintiffs allege that Apple's App

28   Developer Program supplied tools, code, and components that made it possible to "harvest"

United States District Court
Northern District of California

Plaintiffs' private information, and that Apple knew about the vulnerability while it assured customers that it had safeguarded against the unauthorized access of their private data. Plaintiffs also allege that the app developers designed and marketed the subject apps in concert with Apple, and that Apple failed to warn users of the problem, as well as failed to reject the apps during the testing and review process to which Apple subjects each app submitted for inclusion on its App Store.

The Hernandez class action was filed on March 26, 2012, Hernandez, ECF No. 1, against Path, Inc., one of the app developer Defendants in Opperman, for violations of federal and state law, alleging that Path, Inc.'s app, installed on Hernandez' Apple mobile device, accessed, used, disseminated, retained, and stored his address book. The operative Hernandez Second Amended Complaint was filed on December 12, 2012, ECF No. 45, after Judge Gonzalez Rogers granted in part and denied in part Path's first motion to dismiss, ECF No. 33. Path answered on January 4, 2013. ECF No. 48.

The Pirozzi class action was filed on March 27, 2012, Pirozzi, ECF No. 1, against Apple for violations of federal and state law, based on the same factual allegations contained in the Opperman action with respect to Apple: that Apple supplied the tools that made it possible to access Plaintiffs' private information without consent; that Apple knew about the vulnerability while it assured customers that it had safeguarded against the unauthorized access of private data; that Apple failed to warn users of the problem; and that Apple failed to reject or remove the apps during the testing and review process to which Apple subjects each app submitted for inclusion on its App Store. The operative Second Amended Complaint was filed January 22, 2013, Pirozzi, ECF No. 29, after Judge Gonzalez Rogers' granted Apple's first motion to dismiss, ECF No. 28. Apple's Motion to Dismiss the Second Amended Complaint is fully briefed and set for hearing on May 7, 2013, at 2:00 p.m., before Judge Gonzalez Rogers.

Judge Gonzalez Rogers related the Pirozzi action to the Hernandez action on July 31, 2012. Hernandez, ECF No. 29. The Opperman action was transferred to this Court by the Western District of Texas on January 15, 2013. ECF No. 218. On February 13, 2012, Apple filed an administrative motion to consider whether Opperman is related to Hernandez and Pirozzi. Hernandez, ECF No. 52. Path and the Opperman Plaintiffs support relation. Plaintiff Hernandez

filed a statement of non-opposition.  Both before and after judicial referral, oppositions to the motion to relate were filed by Defendants Twitter, Inc., Facebook, Inc., ZeptoLab UK Ltd., Chillingo, Ltd., Electronic Arts, Inc., Foodspotting, Inc., Foursquare Labs, Inc., Gowalla, Inc., Instagram, Inc., Kik Interactive, Inc., Rovio Entertainment, Ltd., and Yelp!, Inc.

## II.    LEGAL STANDARD

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

## III.    ANALYSIS

### A.    The Subject Actions Concern Substantially the Same Parties, Transactions, and Events.

In its order transferring the Opperman action to this Court, the Western District of Texas noted: "Two other class actions, based on similar allegations, are already pending in the Northern District of California.  To try this case separately virtually guarantees a waste of judicial resources, and risks inconsistent rulings."  ECF No. 217 p. 7.  This Court agrees.

The three actions concern substantially the same parties, transactions, and events.  For example, each of the subject actions was filed in response to a February 15, 2012, report revealing that Defendant Path, Inc.'s app, and others, had copied and transmitted Apple users' address books from their mobile devices.  Pirozzi, ECF No. 29 ¶ 69 ("Pirozzi SAC") ("[I]n early February 2012, it was uncovered that one such app, Path, was uploading data stored on users' Apple Devices (including address book and calendar) to its servers."); Hernandez, ECF No. 45 ¶ 18 ("Hernandez SAC") ("On February 15, 2012, House Energy & Commerce Chairman Henry Waxman sent a letter to Apple requesting information following complaints that some smartphone Apps were accessing and retaining users' contact data without permission . . . .  The impetus for this inquiry . . . originated when a researcher discovered Path's unauthorized access to, and retention of, its users' contact address data.  However, attention was quickly diverted to the entire App industry when Path's CEO David B. Morin claimed that this was a 'common practice.'"); Opperman, ECF

United States District Court
Northern District of California

No. 103 ¶ 5 ("Opperman SAC") ("Based on news reports, including a February 15, 2012 NEW YORK TIMES article, the Apps *Foodspotting*, *Foursquare*, *Gowalla*, *Hipster*, *Instagram*, *Kik Messenger*, *Path*, *Twitter*, *Yelp!*, and (via Defendant Chillingo's integrated Crystal platform) *Angry Birds Classic* and *Cut the Rope* and the companies associated with each of those that were engaged in surreptitiously transmitting iDevice owners' private, personal address book materials to unapproved recipients Apps.") (original emphasis).

The three complaints are based not only on the same underlying events, but on substantially similar underlying allegations.  A substantial portion of each complaint focuses on Apple's role in manufacturing the devices, designing the devices' operating system, disseminating app design guidelines, testing and reviewing apps submitted to the App Store, marketing apps on its App Store, and promising to safeguard users' private information.  Pirozzi SAC ¶¶ 24–85; Hernandez SAC, *passim*; Opperman SAC ¶¶ 56–137.  The allegations of each complaint make clear that Defendant Apple is central to each action, and substantially similar discovery and testimony will likely be taken from Apple in each action.  Also, although only the Opperman action names as defendants the various app developers implicated by the events of February 2012, each complaint also alleges that those defendants' apps copied and transmitted the plaintiffs' private data without authorization.  See, e.g., Pirozzi SAC ¶¶ 70, 76; Hernandez SAC ¶¶ 36; Opperman SAC ¶¶ 138–292.

Certain defendants oppose relation on the grounds that "*Opperman* . . . lumps together 14 additional defendants and services, and ten more apps" that are not at issue in the other cases, and that the conduct of individual defendants will require examining the conduct of the individual purchasers of those defendants' apps.  Opperman, ECF No. 308 (Twitter Opp.) at 5.  In addition, the opposing defendants appear to take a position now with respect to relation that contradicts their earlier positions in support of transfer before the Western District of Texas.  See, e.g., Opperman, ECF No. 124 pp. 1, 17 (arguing transfer was appropriate because of similar allegations to actions pending before Judge Gonzalez Rogers).

The opposing Defendants confuse the difference between relation, which is the question before the court, and consolidation, which is not.  Similarly, Pirozzi opposes relation based on Pirozzi's opposition to consolidation.  Relation in this Court is purely a creature of local rule, and

United States District Court
Northern District of California

aims only to bring before the same judge actions that, should they remain before different judges, risk inconsistent rulings, unnecessary duplication of labor and expense, or inefficient case management.  See Civil Local Rule 3-12(a).  Relation has no effect other than transferring actions to a different judge and vacating prior hearing dates for the convenience of the transferee judge. Consolidation is a separate question.  See, e.g., Kemper Sports Mgmt., Inc. v. Westport Investments, LLC, No. 07-cv-5468-BHS, 2007 WL 4219355, at *2–3 (W.D. Wash. Nov. 28, 2007) (determining whether related cases should also be consolidated).

The Court finds that the first prong of Civil Local Rule 3-12(a) is satisfied.

**B.     Relation Will Conserve Labor and Expense and Ensure Consistent Rulings**

Although there is not complete identity among the causes of action asserted in each complaint, the legal issues presented by each complaint overlap significantly.

For example, the defendants in each action have made similar arguments in moving to dismiss.  In each action, the defendants have argued that the plaintiffs lack Article III standing for failing to allege an injury-in-fact.  In addition, each action was filed as a proposed class action, and the class definitions advanced by each complaint overlap significantly.  Relating the subject actions will ensure that class certification proceedings are conducted pursuant to consistent rulings and efficient case management.

Finally, the similar allegations discussed above will give rise to similar discovery (and, potentially, discovery disputes), and potentially similar testimony and dispositive motions. Relation will ensure that discovery is conducted in a manner that avoids unduly burdensome duplication of labor and expense for all parties.

In light of the foregoing, the Court finds that the second requirement of Civil Local Rule 3-12(a) is also satisfied, and that relation of the above-captioned actions is appropriate.

The Court hereby orders as follows:

1.   Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number.

2.   Any case management conference in any reassigned case is vacated.

3.   The hearing on Apple's Motion to Dismiss the Second Amended Complaint in Pirozzi, ECF No. 38, is hereby vacated and will be rescheduled by the Court.

4. The Court will continue to hold in abeyance Defendants' Administrative Motion to Set Time for Response to Second Amended Complaint in the <u>Opperman</u> action, ECF No. 269.

5. The schedule for briefing and hearing Plaintiff's Motion for Class Certification in the <u>Hernandez</u> action is vacated until further order of this Court.

6. No party shall file any dispositive motion or motion for class certification in any related case until further order of this Court.  No party shall be deemed to have exceeded any deadline with respect to the filing of any such motions by virtue of this Order.

7. In order to establish a case schedule in each action that ensures the just, speedy, and inexpensive determination of each action, the Court shall set a case management conference at the earliest available convenience of the Court and the parties by separate order.

**IT IS SO ORDERED**.

Dated:  May 6, 2013

_____

JON S. TIGAR
United States District Judge