UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br>    Plaintiffs,<br>v.<br>PATH, INC., et al.,<br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER SCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>**THIS DOCUMENT RELATES TO ALL CASES** |
| OSCAR HERNANDEZ, et al.,<br>    Plaintiffs,<br>v.<br>PATH, INC.,<br>    Defendant. | Case No. 12-cv-01515-JST |
| MARIA PIROZZI, et al.,<br>    Plaintiffs,<br>v.<br>APPLE, INC.,<br>    Defendant. | Case No. 12-cv-01529-JST |

On May 6, 2013, this Court ordered the above-captioned cases related pursuant to Civil Local Rule 3-12. Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(c), the Court hereby orders the parties to appear for a case management conference on June 21, 2013, at 2:00 p.m., in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102.

1. <u>Applicability of Order</u>

The court anticipates that the June 21 Case Management Conference will be followed by one or more Case Management Orders. Prior to the entry of such an order, the provisions of this

Order shall govern the practice and procedure in each of the above-captioned related actions as well as any other actions subsequently related.

2. Filings

Any filings concerning all cases shall recite, below the title of the document, "This Document Relates to All Cases." All such filings shall be filed solely in the Opperman v. Path docket, Case No. 13-cv-00453. Pursuant to General Order 45, Counsel for all parties shall ensure that they are registered to receive notices of electronic filings in the Opperman case via the Electronic Case Filing system.

Any filings concerning only one of the above-captioned cases shall recite, below the title of the document, "This Document Relates to [case number] Only" and shall be filed solely in the docket for that case.

3. Response Extension and Stay

Prior to the entry of a Case Management Order, Defendants in each action are granted an extension of time, if applicable, for responding to the complaint(s). In addition, all outstanding motions shall be held in abeyance until further order of this Court, and counsel shall recommend a schedule for their resolution, as set forth further below. Discovery proceedings that had been commenced prior to relation may continue; however, no further discovery shall be initiated until further order of the Court.

4. Appearances at Case Management Conference

Each party represented by counsel shall appear at the case management conference scheduled for June 21, 2013, at 2:00 p.m. through the party's attorney who will have primary responsibility for the party's interest in the litigation. To minimize costs and facilitate a manageable conference, parties with similar interests may agree to have an attending attorney represent the party at the conference. No party shall be precluded from other representation by designating an attorney to represent the party at the conference, nor will attendance at the conference waive objections to jurisdiction, venue, or service. However, any agreements reached, or representations made, at the hearing by the attending attorney will be binding on any party on whose behalf that attorney appears.

1  Counsel are expected to familiarize themselves with the Manual for Complex Litigation,
2  Fourth (2004) ("MCL 4th"), including in particular, §§ 22.6–22.63, and be prepared at the
3  conference to suggest procedures that will facilitate the resolution of this litigation as discussed
4  further below.

5. Other Related Cases

Any party that becomes aware of any other action pending in this district potentially subject to relation shall promptly file an administrative motion to consider whether the case should be related. Any party that becomes aware of any similar actions pending in any other federal district court shall promptly file a notice alerting the Court to the action's pendency and attaching, when feasible, the complaint in that action.

6. Joint Case Management Statements and Agenda for Case Management Conference

The parties in each action shall meet and confer forthwith, and shall file a joint case management statement and plan by no later than June 7, 2013. The contents of that statement shall comply with the Standing Order for All Judges of the Northern District of California, available at cand.uscourts.gov/jstorders, and shall address the following additional topics:[1]

a. A summary of the claims and defenses of each party;

b. A summary of any disputes currently existing between the parties;

c. Whether the related cases may be consolidated for purposes of avoiding duplicative discovery and/or discovery disputes;

d. Whether the related cases may be consolidated for the determination of any common legal or factual questions, including, but not limited to: motions to dismiss, Article III standing, class certification, admission of expert testimony, and summary judgment;

e. Whether the related cases may be consolidated for trial;

f. To what extent the class definitions asserted in each action overlap, and how the parties intend to coordinate class certification proceedings;

g. To what extent the asserted causes of action in each action overlap, and

---

[1] The parties are ordered to prepare a single statement that addresses all cases, and file a copy of that statement in the docket of each related case.

3

whether it would be expedient to consolidate some or all of the causes of action in a single complaint;

       h.      To what extent Plaintiffs in the Opperman action intend to assert both Texas and California statutory violations of law, and whether any choice of law issues must be resolved;

       i.      To what extent it would be appropriate to phase discovery, pretrial, and/or trial proceedings with respect to particular defendants;

       j.      Whether there are any questions of law the early resolution of which would aid the parties in evaluating these cases for settlement;

       k.      Whether it would be appropriate to establish a formal structure coordinating the prosecution and defense of these actions, *e.g.*, the establishment of lead and/or liaison counsel, steering committees, etc.;

       l.      With respect to all actions, and the Opperman action in particular, the parties' proposed alterations to the page limits and briefing timetables provided by the local rules that will eliminate the potential for duplicative or unnecessarily burdensome motion practice;

       m.      The parties' proposed coordinated discovery plan and timetable;

       n.      The parties' proposed coordinated pretrial schedule, including case management;

       o.      The parties' proposed coordinated trial schedule; and

       p.      Any other procedures, issues, or concerns relating to the expedient and fair resolution of the related actions.

The Court encourages the parties to seek consensus on all of the above topics and to propose a coordinated case management plan for these cases going forward. In the event the parties cannot agree, they are to present their competing proposals.

**IT IS SO ORDERED**.

Dated: May 17, 2013

                                                                                  JON S. TIGAR
                                                                                  United States District Judge