UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER DESIGNATING INTERIM CLASS COUNSEL**<br><br>THIS ORDER RELATES TO ALL CASES |

Now before the Court are two competing applications seeking designation of interim class counsel in all related actions pursuant to Federal Rule of Civil Procedure 23(g).

Plaintiffs' counsel in the Opperman action seek designation of Phillips, Erlewine & Given LLP and Kerr & Wagstaffe LLP as Interim Co-Lead Counsel; The Law Offices of Carl Schwenker as Plaintiffs' Liaison Counsel; and a Plaintiffs' Steering Committee consisting of the above, along with Edwards Law, Gardy & Notis, LLP, and Strange & Carpenter. ECF No. 382. Plaintiffs' counsel in the Hernandez, Pirozzi, and Gutierrez actions, with the support of Plaintiffs' counsel in the Espitia action, seek designation of Strange & Carpenter and Gardy & Notis, LLP as Interim Co-Lead Counsel. ECF No. 383.

"[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation, Fourth § 21.11 (FJC 2004) ("MCL, Fourth"). Federal Rule of Civil Procedure 23(g)(1)(A) requires courts to consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types

of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court looks to those factors in designating interim class counsel as well.

The Court finds that each of the two proposals is comprehensive and that each proposed co-lead counsel would "fairly and adequately represent the interests of the class." Fed R. Civ. P. 23(g)(1)(B). Each firm has done extensive work identifying, investigating and prosecuting the potential claims in these related actions. Each firm has extensive experience in handling complex litigation and knows the applicable law. And each firm has established that it will commit adequate resources to representing the class. Nonetheless, the Court also finds that the proposed class will be best served by selecting one of the competing proposals, in order to reduce the risk of duplicative litigation, and to clarify the roles of each firm in the interest of the efficient and orderly prosecution of this action.

Based on the papers submitted by Plaintiffs' counsel, a hearing held October 15, 2013, consideration of the enumerated factors above, and a review of the declarations submitted in conjunction with each proposal, the Court finds that, on balance, the application submitted by Plaintiffs' counsel in the Opperman action will result in an organization of Plaintiffs' counsel that is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Consequently, the Court hereby ORDERS as follows:

1. The Court hereby DESIGNATES as Interim Co-Lead Counsel the law firms Phillips, Erlewine & Given LLP and Kerr & Wagstaffe LLP; The Law Offices of Carl Schwenker as Plaintiffs' Liaison Counsel.

2. Interim Co-Lead Counsel, Plaintiff's Liaison Counsel, and the law firms Edwards Law, Gardy & Notis, LLP, and Strange & Carpenter shall serve on a Plaintiffs' Steering Committee ("PSC").

3. The PSC shall have the authority to add counsel to the PSC, subject to Court approval, via filing of a "Stipulated PSC Request for Change in PSC Composition."

4. Interim Co-Lead Counsel shall be responsible for (1) convening PSC meetings; (2) the initiation, response, scheduling, briefing, and argument of all motions; (3) the scope, order,

1  and conduct of all discovery proceedings; (4) assigning work as may be appropriate; (5) collecting
2  time and expense reports from all Plaintiff's Counsel on a quarterly basis; (6) retaining common
3  experts as approved by the PSC; (7) designating the appearance of Plaintiffs' Counsel at hearings
4  and conferences; (8) leading common settlement negotiations and entering into prospective
5  agreements with Defendants; (9) acting as the treasurer for any common benefit assessments and
6  expenses; and (10) all other matters concerning the prosecution of the Action, including entering
7  into discussions and stipulations with Opposing Counsel as necessary for the conduct of the
8  Action.

9     5.     The authority and responsibility for matters or issues unique to one of the Related
10  Actions shall rest with the members of the PSC from that case, subject to consultation and
11  coordination with Interim Co-Lead Counsel and the PSC.

12     6.     Plaintiffs' Liaison Counsel shall be responsible for (1) receiving, on behalf of
13  Plaintiffs' Counsel, notice of all Court orders and notices of pretrial conferences and acting as the
14  primary contact between Plaintiffs' and Defendants' Counsel; (2) preparing and transmitting
15  copies of such orders and notices received as Liaison Counsel; (3) establishing and maintaining a
16  depository for orders, pleadings, hearing transcripts, and all documents served upon Plaintiffs'
17  Counsel; (4) establishing and maintaining a current Master Service List of counsel of record; and
18  (5) assisting in the scheduling of depositions and other logistics as between Defendants' and
19  Plaintiffs' Counsel.

20     7.     The Court has reviewed Interim Co-Lead Counsel's Proposed Guidelines for the
21  conduct of the litigation among the members of the PSC, ECF No. 382 p. 108 (Ex. E).  Pursuant to
22  Federal Rule of Civil Procedure 23(g)(1)(E), the Court ORDERS the members of the PSC to meet
23  and confer concerning the Proposed Guidelines, and to file by November 22, 2013, a "Stipulated
24  Request Among PSC Members of Entry of PSC Guidelines."  Any member of the PSC may
25  instead file a separate "Proposal for PSC Guidelines."  Any stipulated or separate proposal must
26  contain guidelines for (1) the tracking of time and expenses; (2) the quarterly reporting of time and
27  expenses to Interim Co-Lead Counsel; (3) the quarterly reporting of time and expenses to the
28  Court in the form of a "PSC Time and Expense Report for [Applicable Quarterly Period]; (4) the

1  limitation of duplicative litigation costs; (5) the limitation of excessive litigation costs; and (6) the
2  limitation of duplicative expense of time and effort.  The Court will take the proposals
3  immediately under submission and issue an appropriate order.

**IT IS SO ORDERED.**

Dated:  October 21, 2013



_____
JON S. TIGAR
United States District Judge

4