UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER RE: JOINT LETTER BRIEF REGARDING PROTECTIVE ORDER DISPUTE**<br><br>Re: ECF No. 429<br><br>THIS DOCUMENT RELATES TO ALL CASES |

Before the Court is the parties' Joint Letter Brief Regarding Protective Order Dispute, ECF No. 429. In it, the parties dispute whether the prosecution bar the Court previously approved with respect to Defendants in this case should apply to Plaintiffs' counsel who are admitted to practice before the U.S. Patent and Trademark Office ("USPTO").

## I.     BACKGROUND

To understand the present dispute, it is useful to examine the history of the prosecution bar contained in the existing order.

On September 27, 2013, the parties submitted competing letter briefs concerning their dispute over whether the protective order in this action should include a patent prosecution bar for persons who obtain access to Defendants' confidential technical data. ECF Nos. 376, 377. Plaintiffs opposed the inclusion of a bar on the grounds that (1) the Defendants' proposed bar was overly broad; (2) patent prosecution bars are not common in consumer class actions; (3) Defendants did not seek the inclusion of a bar in other related cases besides the Opperman action; and (4) the inclusion of the bar would "inequitably impede" their ability to retain experts and prosecute this action. ECF No. 376.

The Court granted Defendants' request to include a prosecution bar, but only as to the Defendants *inter se*. The Court rejected Defendants' request that the bar apply to Plaintiffs' counsel, finding that Defendants had not "met their burden to establish that an unacceptable risk of inadvertent disclosure exists with respect to Plaintiffs." ECF No. 390 at 4. The Court based this conclusion on two subsidiary conclusions. First, the Court stated, "it is clear from the parties' submissions that there is no danger that Plaintiffs' counsel will be involved in patent prosecution activities. Indeed, Defendants admit that '[t]here is no indication that any of plaintiffs' counsel are members of the patent bar.'" ECF No. 390 at 4. Second, the Court concluded that Defendants had failed to explain why the objections procedure delineated in paragraph 7.4 of the stipulated protective order did not adequately mitigate the risk that inadvertent disclosures of the Defendants' confidential information would occur with respect to experts who were involved in competitive decision-making. Id.

As to the prosecution bar provision that would apply to Defendants, the Court held that the language of the proposed bar was not "sufficiently specific in describing the kind of information that will trigger the bar." Id. at 3. The Court ordered Defendants to submit a revised proposed prosecution bar for the Court's review. Defendants' revised proposed prosecution bar provides:

> This provision applies only to Defendants and individuals retained by, employed by, or affiliated with a Defendant. Absent the written consent of the Designating Party, any individual who, pursuant to section 7.3 of this Order, receives access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information of the Designating Party shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the subject matter of the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the subject matter of the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information he or she received. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue

2

> proceedings on behalf of a patentee. These prohibitions shall commence when "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information or items are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals. For the avoidance of doubt, "technical information" for the purposes of this section ("PROSECUTION BAR") does not include information or items comprising marketing and sales data, commercially sensitive information, information relating to future business plans, future product development information, commercial agreements, or trade secrets, except to the extent that they contain technical data of potential consequence to the above-described activities.

ECF No. 405.

Following the Court's Order, the parties filed a joint case management statement alerting the Court that two of Plaintiffs' counsel — Carl Schwenker and Nick Carlin — are, in fact, admitted to practice before the USPTO. The instant joint letter brief was filed December 20, 2013. ECF No. 429. In it, Defendants request that the first sentence of the revised proposed prosecution bar be amended to read: "This provision applies only to: (i) Defendants and individuals retained by, employed by, or affiliated with a Defendant; and (ii) any Plaintiff's Counsel licensed to practice before the United States Patent and Trademark Office."

## II.     MOTION FOR RECONSIDERATION

Plaintiffs urge the Court to treat Defendants' request as a motion for reconsideration pursuant to Civil Local Rule 7-9, and argue that Defendants have failed to establish the discovery of new facts and the exercise of reasonable diligence required for the Court to grant reconsideration. In support of that argument, Plaintiffs argue that previous filings in this case alerted Defendants that two of Plaintiffs' counsel are members of the patent bar.

First, Plaintiffs point to the March 22, 2013 Declaration of Carl F. Schwenker in Support of Plaintiffs' Oppositions to Defendants' Administrative Motion and Motions for Severance, in paragraph two of which Mr. Schwenker stated: "I am a member in good standing in the State Bar of Texas . . . . I am also a member in good standing in the Bars for the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Federal Circuit, the United States District Courts for the Northern District of Texas, the Southern District of Texas and the Western District of Texas, and the *United States Patent & Trademark Office*." (emphasis

3

added). Second, Plaintiffs point to their October 4, 2013 Submission Re Organization of Plaintiffs' Counsel, which Plaintiffs characterize as filed "well before" the Court's prosecution bar Order, issued eleven days later. The October 4, 2013 submission was filed after Defendants' letter brief concerning the prosecution bar. Finally, Plaintiffs argue that the roster of patent attorneys is publicly available online.

Plaintiffs' argument that Defendants have failed to establish the discovery of new facts is unpersuasive. Plaintiffs' "disclosures" were hardly designed to bring the issue to Defendants' attention.[1] For example, the October 4, 2013 disclosure, which was filed after briefing was completed on the prosecution bar dispute, was buried on pages 14 and 26 of a 113-page document pertaining to the organization of Plaintiffs' counsel. ECF No. 382. It is not surprising that Defendants failed to read this document, which did not directly concern them, with an eye toward protecting their intellectual property rights. Nor should Defendants have been expected to acquire information from the USPTO's roster that was both readily available to Plaintiffs and plainly material to the discovery dispute the parties were briefing before the Court. Litigation by "gotcha" is inconsistent with counsel's obligation to be candid with opposing counsel and the Court, and places at risk counsel's credibility with the Court.

Moreover, Plaintiffs' letter brief actually *endorsed* the mistaken view that none of Plaintiffs' counsel are members of the patent bar. The letter brief stated only that Plaintiffs were concerned that a bar would "imped[e] their ability to obtain appropriate industry experts." ECF No. 376 at 3. Plaintiffs also implied that, at that time, none of Plaintiffs' counsel were then members of the patent bar:

> Additionally, the "subject matter" of the purported confidential material is vaguely described, at best, and over the course of the litigation could mutate to be construed to include anything relating to, for example, iPhones, mobile devices, apps, or even entire fields of computer hardware and software. This would severely limit the universe of potential experts and consultants and, *potentially*, attorneys that Plaintiffs *could* utilize in this case.

---

[1] In addition, the course of the parties' dispute over the prosecution bar leaves some doubt as to the quality of the efforts the parties undertook to meet and confer prior to seeking judicial intervention.

4

Id. (emphasis added).

In its prior Order, the Court stated, "First, it is clear from the parties' submissions that *there is no danger that Plaintiffs' counsel will be involved in patent prosecution activities*. Indeed, Defendants admit that '[t]here is no indication that any of plaintiffs' counsel are members of the patent bar.'" ECF No. 390 at 4 (emphasis added). Plaintiffs permitted not only the Defendants, but also the Court, to proceed on the erroneous assumption that no Plaintiffs' attorney was a member of the patent bar. Had the Court been aware of the true facts — and the Plaintiffs knew it was not aware of the true facts — the Court would have issued a different order.[2] The Court will therefore reexamine the issue as Defendants request.

## III.     LEGAL STANDARD

"[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law." In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1378 (Fed. Cir. 2010). The determination of whether a party seeking the inclusion of a prosecution bar requires a two-step inquiry: courts first look at the risk of inadvertent disclosure, and then examine the potential injury from such disclosure. See Intel v. VIA, 198 F.R.D. 525, 529-31 (N.D. Cal. 2000).

The party seeking a patent prosecution bar must show that "an unacceptable opportunity for inadvertent disclosure exists." Deutsche Bank, 605 F.3d at 1378. Whether this risk for disclosure exists is determined "by the facts on a counsel-by-counsel basis." Id. "[T]he counsel-by-counsel determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client." Id. The Federal Circuit has described competitive decisionmaking as "a counsel's activities, association, and relationship with a client that are such

---

[2] Plaintiffs also imply that the Defendants knew the real facts but stated otherwise to the Court. See ECF No. 429 at 6 (arguing that even after Plaintiffs' disclosures concerning Schwenker and Carlin's patent bar membership, "to persuade the Court that their proposed bar would have minimal impact, Defendants decided to state that '[t]here is no indication that any of plaintiffs' counsel are members of the patent bar.'" The suggestion that Defendants knew that Schwenker and Carlin were members of the patent bar but decided not to mention that fact when they were seeking a patent prosecution bar defies logic and common sense.

1   as to involve counsel's advice and participation in any or all of the client's decisions (pricing,
2   product design, etc.) made in light of similar or corresponding information about a competitor."
3   U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984).

4   If the Court finds that the requesting party has established an unacceptable opportunity for
5   inadvertent disclosure, any counsel resisting application of the bar must show: "(1) that counsel's
6   representation of the client in matters before the PTO does not and is not likely to implicate
7   competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk
8   of inadvertent use of confidential information learned in litigation, and (2) that the potential injury
9   to the moving party from restrictions imposed on its choice of litigation and prosecution counsel
10  outweighs the potential injury to the opposing party caused by such inadvertent use." Deutsche
11  Bank, 605 F.3d at 1381.  The Court must then balance the risk of inadvertent disclosure "against
12  the potential harm to the opposing party from restrictions imposed on that party's right to have the
13  benefit of counsel of its choice." Id. at 1380.

## IV.    DISCUSSION

As an initial matter, the Court must address the revisions to the prosecution bar that Defendants have submitted for the Court's review.  In its prior Order, the Court rejected the bar as worded because the Court found "that the language of the proposed bar is not sufficiently specific in describing the kind of information that will trigger the bar." ECF No. 390 at 3.  See Deutsche Bank, 605 F.3d at 1381 ("[F]inancial data and other sensitive business information, even if deemed confidential, would not normally be relevant to a patent application and thus would not normally be expected to trigger a patent prosecution bar.").  Defendants' revised prosecution bar adequately addresses the Court's concerns by excluding from it as a trigger the disclosure of "information or items comprising marketing and sales data, commercially sensitive information, information relating to future business plans, future product development information, commercial agreements, or trade secrets, except to the extent that they contain technical data of potential consequence to the above-described activities."

However, Defendants' revised prosecution bar contains other revisions the Court did not authorize.  For example, the revised proposed prosecution bar contains a more specific statement

United States District Court
Northern District of California

of what constitutes "prosecution," which includes "the acquisition of patents . . . or the rights to any such patents or patent applications with the right to sublicense . . . ." Those definitions were not contained in the prosecution bar reviewed by the Court, and they depart from this Court's model protective order as well.

The Court need not address Plaintiffs' arguments concerning the merits of these revisions because they were not authorized by the Court. Instead, with the exception of the further definition of "technical information," the Court rejects the revisions and will order Defendants to submit a revised version that conforms to the terms of the Court's prior Order and, where appropriate, the Court's model protective order.

Having addressed the scope of the prosecution bar, the Court finds that Defendants have met their burden to establish an unacceptable risk of inadvertent disclosure, as both Mr. Schwenker and Mr. Carlin are admitted to practice before the USPTO and actively represent clients in the same area of technology that is the subject of this litigation. Under the narrowed prosecution bar required by the Court, "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." Deutsche Bank, 605 F.3d at 1381.

The burden now shifts to those counsel resisting application of the prosecution bar to show that their representation of clients in matters before the USPTO (1) "does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation," and (2) that the potential injury to the objecting counsel and their clients outweighs the potential injury to Defendants from inadvertent disclosure. Deutsche Bank, 605 F.3d at 1381. Neither Mr. Schwenker nor Mr. Carlin have made any such showing. The Court therefore finds that the risk of disclosure outweighs the "potential harm to [Plaintiffs] from restrictions imposed on [their] right to have the benefit of counsel of [their] choice."

However, Defendants' proposed prosecution amendment to the prosecution bar extends it to "any Plaintiff's Counsel licensed to practice before the United States Patent and Trademark

1  Office." That proposal conflicts with the Federal Circuit's admonition that the risk of inadvertent
2  disclosure must be established with specific facts. Here, the only facts Defendants have adduced
3  relate to Mr. Schwenker and Mr. Carlin. The Court will only impose the prosecution bar with
4  respect to those counsel. Any further expansion of the prosecution bar can result only from a
5  separate evidentiary finding.

## V.  CONCLUSION

For the foregoing reasons, the Court will apply a prosecution bar to Mr. Schwenker and Mr. Carlin. Defendants shall file a revised prosecution bar consistent with the terms of this Order and the Court's prior Order within fourteen days of the date of this Order. The prosecution bar shall not take effect until and unless the Court approves the revised language.

**IT IS SO ORDERED.**

Dated:  January 9, 2014

_____
JON S. TIGAR
United States District Judge