UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PATH, INC., et al., <br><br> Defendants. | Case No. 13-cv-00453-JST <br><br> **ORDER ON JOINT LETTER BRIEF REGARDING PLAINTIFFS' REQUEST TO OPEN DISCOVERY** <br><br> Re: ECF No. 490 <br><br> **THIS ORDER RELATES TO ALL CASES** |

On August 6, 2014, the parties filed a joint letter brief in which Plaintiffs ask the Court to open discovery as to their invasion of privacy claim. ECF No. 490 at 1-2. Plaintiffs argue that there is no reason to prevent them from taking discovery as to an issue that is now clearly part of the litigation. Defendants argue that discovery should remain closed because: (1) Plaintiffs have not made an adequate showing to obtain "expedited discovery," and (2) the requested discovery relates to claims that pending motions to dismiss might dispose of. Id. at 3-6.[1]

As a preliminary matter, it is not clear that the correct term for the discovery Plaintiffs seek is "expedited discovery"; the cases use that phrase to refer to discovery that occurs before the parties' Rule 26(f) conference. See, e.g., Apple Inc. v. Samsung Elecs. Co., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); Azco Biotech Inc. v. Qiagen, N.V., No. 12-cv-2599 BEN (DHB), 2013 WL 3283841, at *3 (S.D. Cal. June 26, 2013). The dispute here is more properly characterized as

---

[1] At the time the parties filed their discovery letter brief, the Court's prior orders contemplated that Defendants would file motions to dismiss the Second Amended Consolidated Complaint, and numerous such motions have now been filed. See ECF Nos. 493, 495-504.

one in which Defendants seek a protective order, pursuant to Rule 26, to prevent discovery that would otherwise be permitted. See Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

District courts in the Ninth Circuit have recognized that a protective order is sometimes appropriate to avoid or delay discovery when a motion to dismiss is pending. See S.F. Tech. v. Kraco Enters., No. 11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011) (citing cases). The courts apply two-part test when evaluating a request for a stay of discovery during the pendency of a dispositive motion:

> First, the pending motion must be potentially dispositive of the entire case, or must at least be dispositive on the issue to which the discovery is aimed. Second, the court must determine whether the potentially dispositive motion can be decided without the discovery. A protective order may issue if the moving party satisfies both prongs.

Id. at *2 (citations omitted).

Here, the first prong of the test is satisfied; the motions to dismiss could potentially dispose of all of Plaintiffs' claims, including the invasion of privacy claim, thus satisfying the first Kraco factor. The second prong is also satisfied, because the discovery Plaintiffs are seeking is not necessary to resolve any of the motions to dismiss.

Defendants also persuasively argue that permitting discovery would present a significant risk of duplication. Plaintiffs have elected not to proceed solely on their invasion of privacy claim, but on other claims as well. If the Court permits discovery now solely on Plaintiffs' privacy claim, but other claims subsequently survive the impending motions to dismiss, Plaintiffs may later need—or at least want—to re-depose the same witnesses, gather documents or ESI from the same sources, or otherwise engage in potentially duplicative discovery. Plaintiffs do not even attempt to explain why Defendants should have to bear the expense of this duplication.

The only way to avoid the risk of duplication is to permit Plaintiffs to take discovery on all their claims now—relief that Plaintiffs have neither asked for nor attempted to justify. Even if they had, Defendants point out that much of that discovery might subsequently turn out to have been unnecessary, once the next round of motions to dismiss have been decided. Defendants' concern is not hypothetical, given (1) how many of Plaintiffs' claims were dismissed in the last round of motions, and (2) the fact that Path, Inc., one of the named plaintiffs in this matter, earlier participated in several months of discovery in the related case, <u>Hernandez v. Path, Inc.</u>, No. 12-cv-01515, on claims that are not currently alleged in the amended complaint.

In short, Defendants have made a persuasive case for the issuance of a protective order. This is a large, complex case with many moving parts. The Court anticipates that discovery, once it commences in earnest, will be a substantial undertaking for all parties. To undertake a path now that renders that discovery piecemeal, or potentially duplicative or unnecessary, would neither serve any legitimate interest nor reflect good case management. While this Court has no blanket rule against discovery while a motion to dismiss is pending, Defendants here have persuaded the Court that the benefits of discovery at this stage are very much outweighed by the disadvantages.

## CONCLUSION

The Court DENIES Plaintiffs' request to open discovery as to its invasion of privacy claim and GRANTS Defendants a protective order, which will expire upon the Court's resolution of any motions to dismiss that Defendants file, or upon further order of the Court.

**IT IS SO ORDERED.**

Dated: August 28, 2014



JON S. TIGAR
United States District Judge

3